McLaughlin *v*. Upton, Assignee.

Application for New Trial—Extension of Time.—Sec. 308 of the Civil Code, provides, that the application for a new trial must be made at the term at which the verdict is rendered, and except for the cause of newly discovered evidence, within three days after the rendition of the verdict, "unless unavoidably prevented." *Held*, that this provision is directory merely, and that the matter of extending the time in which to make the application is within the discretion of the district court.

A motion to dismiss the writ of error in the supreme court on the ground that the time for making the application for a new trial was extended beyond the three days, denied.

Error to the District Court of Laramie County.

Motion to dismiss the writ of error upon the following grounds, 1st, because no motion for a new trial was filed in the court below as required by law; 2d, because the errors complained of in the petition in error, were not first presented to the court below by a motion for a new trial in compliance with law and the rules governing the practice of this court.

*E. P. Johnson,* for the motion.

*W. R. Steele,* contra.

Peck, J.   The transcript states that on the 15th day of December, 1876, a verdict was returned for the plaintiff below, the defendant here; that on the 18th day following the district court, for good cause shown, made this order in the case : " On application of Thomas J. Street, of counsel for defendant, it is ordered by the court that the time for filing the motion to set aside the verdict and grant a new trial herein be extended until the end of the present term of this court;" that on the 16th day of February, 1877, the defendant filed a motion to set aside the verdict and for a new trial; and that all these proceedings took place at the November term for 1876 of that court.   Upon this state of the record the defendant in error moves to dismiss the appeal upon a single ground, stated in two forms, and as follows: first, because no motion for a new trial was filed in the court below, as required by law; secondly, because the errors, complained of in the petition in error, were not first presented to the court below by a motion for a new trial in compliance with law and the rules governing the practice of this court.   This involves the consideration of section 308 at page 72 of the Compiled Laws, which declares that the application for a new trial must be made at the term at which the verdict is rendered,

and, except for the cause of newly discovered evidence, within three days of the rendition of the verdict, "unless unavoidably prevented." What constitutes such prevention, must be of course for the district court, if for any one, to decide. Whether in this action a motion for a new trial was requisite to the basis of an appeal, we do not look into the transcript to see. For the purpose of disposing of the motion to dismiss, it is sufficient that the plaintiff in error treated it as requisite, and we therefore assume that it was. Whether section 308 is jurisdictional, or a merely conditional limitation of the discretion of the district court, or is simply a directory provision, it is unnecessary for us to decide, and we do not decide. It is however clearly one of these: but, whichever it is, the defendant in error is not in an attitude to complain of the action of the court below in extending the time for filing a motion for a new trial.

Treating the provision as jurisdictional: if the district court exceeded its jurisdiction, and this appeared in the transcript, that fact would *per se*, that is, by operation of law, raise an exception, and bring the error before this court, without a formal allegation of error, because want of jurisdiction is a want of power, and a powerless act is a void act, and this court would be compelled to recognize and to treat the fact accordingly. But, for this purpose, the fact must appear in the record; for, if it does not, how stands the matter? The court below had general jurisdiction; before passing the order, it had acquired jurisdiction of the subject-matter and of the parties. Having that jurisdiction, its subsequent action must be regarded as jurisdictional, unless the contrary appears. Hence, were the record silent as to the ground of granting the motion for a new trial, we would be compelled to presume that it granted the motion jurisdictionally. But the record is not silent as to the ground; it states that the motion was granted for "good cause:" it was good cause, if it was the cause specified in the statute, and we must take the record of that court, that it had such cause, else we violate

the presumption, which is a rule upon us in the interpretation of the records. Hence the party who comes here to complain of an excess of jurisdiction, as committed by the court below, must present to us a record, which affirmatively shows it. Any other principle would deprive the records of a court of general jurisdiction of all stability, or force them into the most burdensome and inconvenient prolixity.

Treating the section as a merely conditional limitation of the discretion of the district court, two things are necessary to bring before this court a violation of the condition of that court; one, that the violation should affirmatively appear in the record, the other, that it should be complained of, if an error of law, by a formal exception taken below. The record is silent in both these particulars. If such error was committed, this defendant could have made the record speak it, and his exception to it; because the motion for an extension was ex parte, and belonged to that class of applications, which may be made ex parte and orally: when granted, the record was notice to the defendant, and it then became his right, by a written and noticed motion with affidavits, to ask for an order vacating the order of extension. That would have spread the merits of the order upon the record, and a denial of the motion would have secured to him an exception to whatever error of law was committed by the district court in the matter; and the exception having been taken and appearing in the record, that error of law would have been presented to this court for revision.

Had the error been of fact, and the facts and a formal exception appeared in the record, it would be our duty to revise it under section 2 at page 597 of the Compiled Laws, which declares that "in all cases, brought into the supreme court by writ of error or petition in error, the court is required to revise and correct all rulings of the district court, made during the progress of such cases therein, upon all questions, whether resting for their decision in the discre-

tion of the court or otherwise." But, if the error of fact did appear, but no exception to it appeared in the record, whether it would not still be our duty to revise, there may be a doubt; and the doubt is suggested by the fact, that this section puts an unlimited revisory power upon this court. Section 290, page 71 defines an exception to be an exception for error in law, and the statutes define no other exception, leaving it open to the question, whether any formal exception is necessary to set in motion our revisory power under section 2 at page 597, except in case of an error in law. The record however is destitute of the facts which are necessary to raise this question, and we do not decide it. We deem it proper however to say that, if compelled to decide it, we should hesitate to the last to yield to the doubt, for to do so, would be to open our door to the most trivial and petty appellate litigation.

Treating section 308 as a simply directory provision, the motion to dismiss is, upon its own theory, not well taken. Upon every ground the motion must be and is denied.